UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| RODNEY J. PAYNE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 3:10-cv-00408-JPG-DGW |
| | ) | |
| NORFOLK SOUTHERN RAILWAY COMPANY | ) ) | |
| | ) | |
| | ) | |
|     Defendant. | ) | |

**ORDER**

Pending before the Court is Defendant Norfolk Southern Railway Company's Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) (Doc. 9) and Memorandum in Support (Doc. 10) and Plaintiff's Opposition (Doc. 18). For the reasons set forth below, Defendant's Motion is **GRANTED in Part** and **DENIED in Part**.

**Background**

Plaintiff Rodney Payne ("Payne") has brought an action pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.* against Defendant Norfolk Southern Railway Company ("Norfolk"). In his Complaint, Payne alleges that Norfolk committed acts of negligence while he was in the performance of his duties as Norfolk's employee, and that these acts of negligence directly and proximately caused him severe and permanent injury (Doc. 2). Norfolk moves to strike various allegations contained in paragraphs 8, 16 and 17 of Payne's Complaint, as well as his prayer for relief because they are "improper, redundant, immaterial and impertinent" (Doc. 9).

### Standard

The Court on its own or on motion by a party may strike from a pleading "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Generally, motions to strike are not favored by courts because they often delay proceedings. *McDowell v. Morgan Stanley & Co., Inc.*, 645 F. Supp. 2d 690, 693 (N.D. Ill. 2009). It follows that granting a motion to strike is deemed a drastic measure. *Id.*

Mere redundancy, immateriality, impertinence, or scandalousness is not, by itself, sufficient to strike matter from a pleading. There must also be a showing of prejudice to the moving party. *McDowell*, 645 F. Supp. 2d at 693; *see Hoffman-Dombrowski v. Arlington Int'l Racecourse, Inc.*, 11 F. Supp. 2d 1006, 1009 (N.D. Ill. 1998) ("The defendant must demonstrate that the allegations being challenged are so unrelated to plaintiff's claim as to be void of merit and unworthy of any consideration and that the allegations are unduly prejudicial.") (internal quotation marks omitted); *Tatum v. Davis*, No. 95-1241, 1996 WL 388405, at *1 (N.D. Ill. July 9, 1996) (holding that a court will not strike allegations from a complaint "unless it is clear that it can have no possible bearing on the matter of the litigation" and "unless the moving party will be prejudiced otherwise"). Prejudice will be found "where the challenged allegation has the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party." *Hoffman-Dombrowski*, 11 F. Supp. 2d at 1009.

### Analysis

#### *Paragraph 8*

Paragraph 8 of the Complaint alleges that "defendant may be guilty of additional acts of negligence not specifically [listed in paragraph 7]" (Doc. 2). Norfolk argues that this allegation should be stricken because it is a "'catch-all' phrase that does not reasonably apprise Defendant

of the allegations against it" in violation of the standards of notice pleading set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (Doc. 9).  Payne, in response, contends that the concept of notice pleading does not require that all the details of the claims be pleaded and further notes that *Twombly* did not elevate the standard of notice pleading (Doc. 18).

Under the federal pleading system, the pleader must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  This obligation to provide fair notice, according to *Twombly*, requires that the plaintiff set forth in the complaint "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.*

The Supreme Court in *Twombly*, however, denied that it was "requir[ing] heightened fact pleading of specifics." *Id.* at 570.  Indeed, in *Erickson v. Pardus*, 551 U.S. 89, 93, (2007), decided two weeks after *Twombly*, the Court reiterated that "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." (internal quotation marks omitted).  Similarly, the Seventh Circuit has determined that, under *Twombly*, "a plaintiff must provide notice to defendants of her claims," and while the court must accept factual allegations as true, there are some that will be "so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Moreover, "in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements. *Id.*

Paragraph 8 of Payne's Complaint satisfies the requirements of notice pleading under the aforementioned standard. It is preceded by a non-exclusive list of thirteen specific and separate acts that he claims Norfolk negligently and carelessly committed. Contrary to Norfolk's contention, Paragraph 8, as it accompanies Paragraph 7, reasonably apprises it of the alleged acts of negligence, notwithstanding the charge that Norfolk "may be guilty of additional acts of negligence not specifically" listed in the Complaint. This statement is not so "abstract" or "sketchy" or even "implausible" as to give insufficient notice to Norfolk of the claimed negligent acts. Payne has merely provided for the possibility that other conduct of Norfolk related to Payne's injury and not specifically enumerated in the Complaint may be uncovered during the course of discovery. Therefore, Norfolk's Motion to Strike the allegations in paragraph 8 of the Complaint is **DENIED**.

### *Paragraph 16*

Paragraph 16 of the Complaint alleges that "As a direct result of Defendant's negligence and statutory violations, Plaintiff suffered and will continue to suffer into the future, mental pain and anguish" (Doc. 2). Norfolk contends that the phrase "mental pain and anguish" is overly broad, vague, and otherwise undefined (Doc. 9). Norfolk also contends that the allegation should be stricken because it is "repetitive of claims for pain and suffering" (Doc. 9). Payne, in response, asserts that the inclusion of "past, present and future mental pain and anguish [is] a more accurate and refined subset of pain and suffering," and that any possible confusion could be alleviated by a standard jury charge relating to damages (Doc. 18).

The Court disagrees with Norfolk's contention that the phrase "mental pain and anguish" should be stricken. "Mental pain and anguish" is not so overly broad or vague as to not put Norfolk on fair notice as to the injuries Payne is claiming. Moreover, even if this Court were to

4

find that the phrase "mental pain and anguish" was repetitive of other claims for damages, there is no evidence that such repetition would be prejudicial to Norfolk. Accordingly, Norfolk's Motion to Strike the allegations in Paragraph 16 of the Complaint is **DENIED**.

### *Paragraph 17*

Paragraph 17 of the Complaint alleges that "Plaintiff has sustained and will continue to sustain into the future a loss of enjoyment of life" as a result of Norfolk's negligence (Doc. 2). According to Norfolk, Payne is claiming future loss of enjoyment of life as a separate basis of damages (Doc. 9). Norfolk relies on *Dugas v. Kansas City S. Ry. Lines*, 473 F.2d 821, 826-27 (5th Cir. 1973), for the proposition that loss of enjoyment of life and pain and suffering should not be treated as separate elements of damages (Doc. 9). Thus, Norfolk contends that Payne's claim in paragraph 17 should be stricken. Payne maintains that Norfolk misread the Complaint. Payne argues that he included "loss of enjoyment of life not as a separate basis for damages, but merely to clarify and refine compensable "pain and suffering" with a more accurate subset thereof, and that any confusion could be resolved by a proper jury charge (Doc. 18).

Payne's claim in paragraph 17 is not improper. For one, Norfolk does not outright accuse Payne of improperly claiming future loss of enjoyment of life as an independent basis for damages. Rather, Norfolk asserts only that Payne "*appears* to be alleging future loss of enjoyment of life as a separate basis of damages" (Doc. 9). Payne has resolved any ambiguity, expressly stating that "future loss of enjoyment of life" was not included as a separate basis for damages but rather provides a clarification and refinement of his claim for damages for "pain and suffering" (Doc. 18). Accordingly, striking the claim in paragraph 17 will only serve to delay the proceedings. Any possible prejudice to Norfolk can be resolved by a simple jury

charge.  Accordingly, Norfolk's Motion to Strike the allegations in paragraph 17 of the Complaint is **DENIED**.

### *Prejudgment Interest*

Norfolk argues that Payne's prayer for prejudgment interest should be stricken, and Payne agrees (Doc. 9, 18).  Payne concedes that he inadvertently requested prejudgment interest (Doc. 18).  It is well settled that a plaintiff is not entitled to prejudgment interest in FELA cases. *Monessen S.W. Ry. Co. v. Morgan*, 486 U.S. 330 (1988).  Accordingly, Norfolk's Motion to Strike the prayer for prejudgment interest is **GRANTED**.

### Conclusion

For the reasons set forth above, Norfolk's Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) is **GRANTED in Part** as to the prayer for prejudgment interest and **DENIED in Part** as to all other claims.

**IT IS SO ORDERED**.

**DATED:  October 8, 2010**

s/ <i>Donald G. Wilkerson</i><br>
**DONALD G. WILKERSON**<br>
**United States Magistrate Judge**